UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02733

**Torres Reyes,**
*Petitioner,*
v.
**Warden, T. Don Hutto Residential Center, et al.,**
*Respondents.*

## ORDER

Isidro Jeronimo Torres Reyes is a native and citizen of Mexico currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1226(a). He filed a petition for writ of habeas corpus demanding his immediate release or an individualized bond hearing. Because his detention is lawful, his petition is denied.

## BACKGROUND

Petitioner last entered the United States on or about October 22, 2025, with an H-2A visa. Petitioner was authorized to remain in the United States until November 30, 2025. Petitioner overstayed. On February 8, 2026, Petitioner was arrested by the Bexar County Sheriff's Office for cockfighting and evading arrest. Petitioner was convicted of evading arrest and sentenced to 185 days in confinement. On August 13, 2026, Petitioner was transferred from the Bexar County jail into federal immigration custody. Petitioner is currently detained at the T. Don Hutto Detention Center in Taylor, Texas.

On September 28, 2026, Petitioner filed a petition for writ of habeas corpus contesting his detention and seeking immediate release or an individualized bond hearing. The Court

ordered Respondents to show cause why the writ should not be granted. Respondents answered, and the Court now addresses the petition.

## Legal Standard

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner, challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## Analysis

Petitioner raises three separate claims for relief including (1) a violation of the Fifth Amendment, (2) failure to provide

an adequate individualized custody determination, and (3) continued detention without adequate justification. Because Petitioner proceeds *pro se* the Court liberally construes his claims as arguments that his pre-removal detention without a bond hearing violates due process. His arguments, however, fail.

Petitioner is not entitled to habeas relief because he has not exhausted his administrative remedies. Petitioner is detained pursuant to section 1226(a), meaning he is entitled to a bond hearing. *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018). But Petitioner has not requested a bond hearing. A person seeking habeas relief must first exhaust all available administrative remedies. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (per curiam). This means that Petitioner must first request a bond hearing and then ask the Board of Immigration Appeals to review the asserted legal and factual errors with the Immigration Court's bond determination. *See generally* 8 C.F.R. §§ 1003.19, 1236.1. Such a request would not be futile since the holding in *Matter of Yajure Hurtado* did not address aliens held under section 1226(a). 29 I. & N. Dec. 216 (BIA 2025). But Petitioner has not done so.

Due process also does not require Petitioner's release. "[D]ue process does not entitle [Petitioner] to additional proceedings beyond what Congress has provided[,]" and an alien "ha[s] no substantive due process right to freedom from custody pending removal proceedings[.]" *Rodriguez v. Vergara*, __ F.4th __, 2026 WL 3181188, at *5, 12 (5th Cir. Oct. 23, 2026) (en banc). To the extent Petitioner argues that his detention nonetheless violates due process because it is prolonged or indefinite, that argument fails too. "So long as an alien's detention pending removal has a definite termination point—removal or release—his or her continued confinement . . . does not offend due process." *Id.* at *13 (cleaned up). Here, "removal

remains a viable prospect," so "continued detention . . . does not violate due process." *Id.* The Due Process Clause therefore does not require granting the write.

* * *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on November 11, 2026.*

ANDREW DAVIS
United States District Judge